UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| KRISTY H., § § Plaintiff, § § v. § § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | Case # 1:22-cv-387-DB MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

Plaintiff Kristy H. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 12).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 7, 8. Plaintiff also filed a reply brief. *See* ECF No. 9. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **GRANTED**, the Commissioner's motion for judgment on the pleadings (ECF No. 8) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings.

### BACKGROUND

Plaintiff protectively filed an application for DIB on September 12, 2019, and an application for SSI on September 16, 2019. Transcript ("Tr.") 15, 234-35, 236-42. In both applications, Plaintiff alleged disability beginning September 6, 2019 (the disability onset date),

due to a back injury, varicose veins, foot deformity, hip arthritis, and borderline hyperthyroidism. Tr. 234-35, 236-42, 250. The claims were initially denied on December 4, 2019, and again on reconsideration on February 7, 2020, after which Plaintiff requested an administrative hearing. Tr. 15. On March 22, 2021, Administrative Law Judge Mary Mattimore ("the ALJ") conducted a telephonic hearing,[1] at which Plaintiff appeared and testified and was represented by Amanda Weber, an attorney. Tr. 15, 34. Andrew Vaughn, an impartial vocational expert, also appeared and testified. Tr. 15.

The ALJ issued an unfavorable decision on July 22, 2021, finding that Plaintiff was not disabled. Tr. 15-27. On March 24, 2022, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's July 22, 2021 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 15.

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her July 22, 2021 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since September 6, 2019, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease/asthma; peripheral venous insufficiency/varicose veins; lumbar disc disease with radiculopathy; cervical disc disorder with myelopathy; status post L5-S1 fusion; left hip pain status post 1992 and 1996 left hip surgeries; arthritis; obesity; status post bunion surgery; anxiety; and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b),[2] except that she can never climb ladders ropes or scaffolds; she can occasionally balance per the DOT's definition; she can occasionally climb stairs, stoop, kneel, crouch, and crawl; she can occasionally reach overhead bilaterally, and frequently reach in all other directions bilaterally; she can frequently finger, handle and feel bilaterally; she can have no concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants or temperature extremes; she can perform simple routine

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

      work and make simple workplace decisions, but not at a production rate pace (such as an assembly line).

6. The claimant is unable to perform her past relevant work with one exception (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 11, 1978 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 15-26.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on September 12, 2019, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 26. The ALJ also determined that based on the application for supplemental security income protectively filed on September 16, 2019, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 27.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that remand is required because the ALJ failed to reconcile vocational expert ("VE") testimony regarding Plaintiff's ability to reach overhead with the Dictionary of Occupational Titles ("DOT"). *See* ECF No. 7-1 at 12-17. According to Plaintiff, this error left the ALJ's step four and step five findings, as well as her disability decision, not supported by substantial evidence. *See id.*

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record, the Court finds that Plaintiff's argument has merit. As noted above, the ALJ determined that Plaintiff had the RFC to perform light work, except that she could only occasionally reach overhead bilaterally and frequently reach in all other directions bilaterally. Tr. 20. However, every job identified by the VE required frequent overhead reaching. Tr. 74-75.

The Commissioner argues that any potential conflict between the DOT and the VE testimony was resolved because the ALJ explicitly identified the potential conflict; asked the VE to address it; the VE sufficiently resolved the conflict; and the ALJ reasonably relied on that testimony. *See* ECF No. 8-1 at 7-15. Contrary to the Commissioner's argument, however, this issue was not resolved through the VE testimony and the questioning by the ALJ. Accordingly, the Court finds that remand is warranted on this point.

The Social Security Administration ("SSA") primarily relies on the DOT for information about work requirements, but it "may also use VEs . . . to resolve complex vocational issues." SSR 00-4P, 2000 WL 1898704, at *2 (SSA Dec. 4, 2000) (footnote omitted). However, evidence provided by a VE should generally be consistent with the information supplied by the DOT, and "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . for evidence to support a determination or decision about whether the claimant is disabled. *Id*.

As the Second Circuit explained, "whenever the Commissioner intends to rely on [a] vocational expert's testimony, she must identify and inquire into all those areas where the expert's testimony seems to . . . conflict with the Dictionary." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019) (internal citations omitted). Accordingly, before relying on the VE's testimony, the Commissioner must "obtain a reasonable explanation for any apparent — even if non-obvious — conflict between the [DOT] and a vocational expert's testimony." *Id.*; *see also Woodard v. Comm'r of Soc. Sec.*, No. 18CV00414(MJR), 2019 WL 5092126, at *3 (W.D.N.Y. Oct. 11, 2019) ("[A] vocational expert's testimony cannot constitute substantial evidence if it contains an apparent or obvious conflict with the DOT. In that event, the ALJ has an affirmative obligation to identify and elicit a reasonable explanation for the conflict before she can rely on the vocational expert's testimony.").

Here, there was at least a possible conflict between the DOT and the VE's testimony; as previously noted, the RFC limited Plaintiff to only occasional overhead reaching, but all the jobs identified by the VE required frequent overhead reaching.  Tr. 20, 75-76 The hypothetical posed to the VE included, *inter alia*, occasional overhead reaching. Tr. 74-75. After hearing the hypothetical, the VE testified that the individual would be able to perform Plaintiff's past relevant work as a ride attendant, DOT 342.677-010; as well as the requirements of representative occupations such as: mail clerk, non-postal, DOT 209.687-026; cafeteria attendant, DOT 311.677-010; and information clerk, DOT 237.367-018. These jobs all require reaching "frequently" or "from 1/3 to 2/3 of the time." *See* DICOT 209.687-026 (mail clerk), 1991 WL 671813; DICOT 311.677-010, 1991 WL 672694 (cafeteria attendant); DICOT 237.367-018, 1991 WL 672187 (information clerk); DICOT 342.677-010, 1991 WL 672849 (ride attendant).

The Commissioner asserts that the ALJ satisfied his obligation to explore conflicts with the DOT because "the ALJ specifically identified that the DOT does not address overhead reaching and asked the vocational expert to address it." *See* ECF No. 8-1 at 8. However, the ALJ only asked the VE if his testimony was consistent with the DOT, to which the VE vaguely testified that, based on his experience, Plaintiff could perform the identified jobs even though she was limited to reaching overhead occasionally, rather than frequently Tr. 83. The ALJ accepted this answer with no further questioning. *See id*. Contrary to the Commissioner's assertion, the ALJ's attempt to resolve the potential conflict was insufficient to satisfy her obligation under *Lockwood* and SSR 00-4p. SSR 00-4p "places the onus on the Commissioner, acting through her ALJs, to affirmatively identify any conflicts." *Lockwood*, 914 F.3d at 93-94. *See also Marjanovic v. Commissioner*, 2020 WL 3445676, *3 (W.D.N.Y. 2020) (SSR 00-4p "places an affirmative duty on the ALJ to identify and resolve any conflict between the VE's testimony and the DOT before relying on such testimony"); *Rachel F. v. Commissioner*, 2023 WL 2595007, *8 (W.D.N.Y. 2023) ("the burden of addressing these issues was on the ALJ, not the VE, and the ALJ did not address the potential conflict as required by *Lockwood*").

Furthermore, the ALJ did not adequately resolve the apparent conflict by merely confirming with the VE that his testimony was consistent with the DOT. *See Lockwood*, 914 F.3d at 93 (statement from VE that her opinion "was consistent with [the DOT]" did not "resolve any apparent conflict") (internal quotation marks omitted). Nor was the VE's explanation that he relied on his professional experience sufficient to resolve the conflict; a VE's response must "specifically address the conflict" between the DOT and his or her opinion on the jobs he or she identified as being suitable for the plaintiff. *Matthew M. v. Commr. of Soc. Sec.*, 1:20-CV-1644-DB, 2022 WL 3346949, at *4 (W.D.N.Y. Aug. 12, 2022) (VE testimony "that he relied on his experience" was

8

insufficient to resolve the conflict because VE must explain how specific physical limitations from the DOT were not in conflict with the jobs identified based on the claimant's RFC); *accord Yeomas v. Commr. of Soc. Sec.*, 18-CV-6537S, 2019 WL 6799008, at *5 (W.D.N.Y. Dec. 12, 2019) (VE testimony supported only by a "blanket assumption" that it relied on VE's "knowledge, education, training and experience" insufficient to resolve conflict; the VE explanation did not discuss identified jobs "as they are actually performed" or delve "into the DOT's narrative descriptions to identify some difference" between the DOT and claimant's limitations).

If the ALJ desired to rely on the VE's testimony, she was obligated to "identify and resolve the apparent conflict between that testimony and the Dictionary, even if there is a chance that, upon inquiry, no actual conflict would have emerged." *Lockwood*, 914 F.3d at 93. Furthermore, the ALJ's vague question during the hearing as to whether the VE's testimony was consistent with the DOT is not sufficient to resolve this apparent conflict. *Id*. at 93-94. The "kinds of vague questions and answers" in the record of this case "are not enough under *Lockwood*." *Nieto v. Commr. of Soc. Sec.*, 20-CV-3138 (BMC), 2021 WL 1784317, at *3 (E.D.N.Y. May 5, 2021) (conflicting VE testimony based only "on [his] knowledge and experience in the vocational field" inadequately resolved the conflict). "The importance of teasing out such details is precisely why the Commissioner bears an affirmative responsibility to ask about any possible conflict between vocation expert evidence and information provided in the [DOT] . . . . Absent such an inquiry, the Commissioner lacks a substantial basis for concluding that no such conflicts in fact exist." *Lockwood*, 914 F.3d at 93.

Based on the foregoing, the ALJ's finding that Plaintiff was not disabled was not supported by substantial evidence because the ALJ improperly relied on VE testimony that conflicted with

the DOT as it pertained to Plaintiff's overhead reaching limitations. Upon remand, the Commissioner should obtain an explanation concerning this apparent conflict.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE